# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK MULLEN, | ) |
| | ) Civil Action No. 2:21-cv-00188 |
| Plaintiff, | ) |
| | ) Honorable Nora Barry Fischer |
| v. | ) |
| | ) |
| MSA SAFETY, INC., | ) *ELECTRONICALLY FILED* |
| | ) |
| Defendant. | ) |
| | ) JURY TRIAL DEMANDED |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant MSA Safety Pittsburgh Manufacturing, LLC ("Defendant"), incorrectly identified as "MSA Safety, Inc.," by and through its undersigned counsel, files the following Answer and Defenses to Plaintiff Patrick Mullen's Amended Complaint:

### I.     Nature of the Action

1.     Defendant admits only that Plaintiff has, in his Amended Complaint, asserted claims purportedly brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"). Defendant denies the remaining allegations of Paragraph 1 of the Amended Complaint, including that Plaintiff has the right to bring these claims. Further, Defendant specifically denies any violation of law and denies that Plaintiff is entitled to any relief.

### II.    Jurisdiction and Venue

2.     Defendant admits only that Plaintiff filed claims under Title VII, the ADA and FMLA and this Court may exercise jurisdiction over those claims, if administrative remedies have been properly exhausted, pursuant to 28 U.S.C. § 1331.

3. Defendant denies the averments in Paragraph 3 of the Amended Complaint. Plaintiff's Amended Complaint does not include any state law claims.

4. Defendant admits that the United States District Court for the Western District of Pennsylvania is a proper venue for the action. Defendant specifically denies any violation of law and denies that Plaintiff is entitled to any relief.

5. Defendant admits that Plaintiff filed a Charge with the Equal Employment Opportunity Commission. The allegations in Paragraph 5 of the Amended Complaint purport to interpret and characterize a document that speaks for itself. The allegations in Paragraph 5 of the Amended Complaint state conclusions of law to which no response is require; to the extent that any response is deemed to be required, the allegations are denied.

6. The allegations in Paragraph 6 of the Amended Complaint purport to interpret and characterize a document that speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Amended Complaint, including when it was received by Plaintiff; to the extent that any response is deemed to be required, the allegations are denied.

### III.   Parties

7. Defendant admits that the Plaintiff, Patrick Mullen, is an adult. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Amended Complaint; to the extent that any response is deemed to be required, the allegations are denied.

8. Defendant denies that it is properly identified in the Amended Complaint. Defendant admits the remaining allegations in Paragraph 8 of the Amended Complaint.

## IV.    Facts

9. Defendant admits only that Plaintiff was employed by Defendant beginning in September of 2012 and at the time of his termination held the position of Group Leader. Defendant denies as stated the remaining allegations in Paragraph 9 of the Amended Complaint.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint as they relate to Plaintiff's personal feelings about his performance or his description of his co-workers' alleged perception of him; to the extent that any response is deemed to be required, the allegations are denied. Defendant denies as stated the allegations in Paragraph 10 of the Amended Complaint.

11. Defendant admits only that Mitch Soman was Plaintiff's supervisor during the relevant time period. Defendant denies the remaining allegations in Paragraph 11 of the Amended Complaint.

12. Defendant admits only that it has employed individuals named Kyle Harn and Harry Cornelius during the relevant time period. Defendant denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Amended Complaint.

15. The allegations in Paragraph 15 of the Amended Complaint state conclusions of law to which no response is required; to the extent any response is deemed to be required, the allegations are denied.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint as they relate to Plaintiff's

personal feelings; to the extent that any response is deemed to be required, the allegations are denied.

17. Defendant admits that Margie Woods was a member of its Human Resources Department during the relevant time period and, in that role, communicated with Plaintiff. Defendant denies as stated the remaining allegations in Paragraph 17 of the Amended Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the portion of the allegations in Paragraph 18 of the Amended Complaint that concern Plaintiff's personal impressions of the purported conversation; to the extent that any response is deemed to be required, the allegations are denied.

19. Defendant admits that it employed Shane Livingstone as a Production Manager during the relevant time period. Defendant denies the remaining allegations in Paragraph 19 of the Amended Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint as they concern Plaintiff's personal feelings and assumptions; to the extent that any response is deemed to be required, the allegations are denied. Defendant denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21. Defendant denies as stated the allegations in Paragraph 21 of the Amended Complaint.

22. The allegations in Paragraph 22 of the Amended Complaint purport to interpret and characterize an email that speaks for itself. Defendant denies Plaintiff's interpretation and characterization of that document.

23. Defendant denies as stated that allegations in Paragraph 23 of the Amended Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint as they contain Plaintiff's recitation of his perception of his own statements; to the extent that any response is deemed to be required, the allegations are denied.

25. Defendant admits that Plaintiff was not selected for the Production Supervisor position. Defendant denies the allegation in Paragraph 25 of the Amended Complaint that it was "soon thereafter" the events of the preceding paragraph or in any way related to any protected activity or characteristic.

26. Defendant admits that in March 2020, Plaintiff took leave through the Family and Medical Leave Act. Defendant denies the remaining allegations in Paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

28. Defendant denies as stated the allegations in Paragraph 28 of the Amended Complaint.

29. Defendant denies as stated the allegations in Paragraph 29 of the Amended Complaint. Defendant specifically denies that Soman ever made any such comment about Plaintiff's "use of short-term disability leave through FMLA."

30. Defendant denies as stated the allegations in Paragraph 30 of the Amended Complaint.

31. Defendant admits that it employed Michelle Monroe as a member of its Human Resources Department during the relevant time. Defendant denies as stated the remaining allegations in Paragraph 31 of the Amended Complaint.

32. Defendant denies as stated the allegations in Paragraph 32 of the Amended Complaint. Further, Defendant specifically denies that Soman "became agitated with Mullen" because of any communications with Human Resources.

33. Defendant admits that it employed a facility nurse named Jackie Zickefosse during the relevant time and that Plaintiff communicated with her. Defendant denies as stated the remaining allegations in Paragraph 33 of the Amended Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Amended Complaint concerning whether Plaintiff was "hospitalized due to a panic attack"; to the extent that any response is deemed to be required, the allegations are denied. Defendant admits only that Plaintiff communicated with Zickefosse during the relevant time period.

35. Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Amended Complaint.

37. Defendant admits only that Plaintiff communicated with Zickefosse during the relevant time period. Defendant denies as stated the remaining allegations in Paragraph 37 of the Amended Complaint.

38. Defendant admits that it employed Ashley Hohman (now Yoest) in its Human Resources Department and that it had COVID-19 related safety protocols during the relevant time period. Defendant denies as stated the remaining allegations in Paragraph 38 of the Amended Complaint.

39. Defendant admits only that Plaintiff was granted and took FMLA leave during the relevant time period. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint as they relate to Plaintiff's health condition identified in Paragraph 39; to the extent that any response is deemed to be required, the allegations are denied.

40. Defendant admits only that Plaintiff made allegations against Soman through Defendant's Ethics Guidelines Reporting Tool during his employment. Defendant denies as stated the remaining allegations in Paragraph 40 of the Amended Complaint.

41. Defendant admits that it employed Gail Slater as Plant Manager during the relevant time period and that Defendant placed Plaintiff on a Performance Improvement Plan in August of 2020. Defendant denies as stated the remaining allegations in Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

43. Defendant admits that a meeting took place on August 17, 2020 involving the individuals named in Paragraph 43 of the Amended Complaint. Defendant denies as stated the remaining allegations in Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45. Defendant admits that Plaintiff was provided with Defendant's Request for Accommodation form during his employment. Defendant denies as stated the remaining allegations of Paragraph 45 of the Amended Complaint.

46. Defendant admits that Plaintiff, Livingstone, and Slater met in August 2020 to discuss his performance. Defendant denies as stated the remaining allegations in Paragraph 46 of the Amended Complaint.

47. Defendant denies as stated the allegations in Paragraph 47 of the Amended Complaint.

48. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 of the Amended Complaint as they relate to whether Plaintiff was "feeling the symptoms of a panic attack"; to the extent that any response is deemed to be required, the allegations are denied. Defendant admits that Plaintiff communicated with Zickefosse during his employment and that Plaintiff was provided information regarding workers' compensation benefits. Defendant denies as stated the remaining allegations in Paragraph 48 of the Amended Complaint.

49. Defendant admits that, at Plaintiff's request, he was permitted to work a different schedule from Soman. Defendant denies as stated the remaining allegations in Paragraph 49 of the Amended Complaint.

50. The allegations in Paragraph 50 of the Amended Complaint attempt to interpret and characterize a document that speaks for itself. Defendant denies Plaintiff's interpretation and characterization of the document.

51. Defendant denies as stated the allegations in Paragraph 51 of the Amended Complaint.

52. Defendant denies as stated the allegations in Paragraph 52 of the Amended Complaint.

53. The allegations in Paragraph 53 of the Amended Complaint attempt to interpret and characterize a document that speaks for itself. Defendant denies Plaintiff's interpretation and characterization of the document.

54. The allegations in Paragraph 54 of the Amended Complaint attempt to interpret and characterize a document that speaks for itself. Defendant denies Plaintiff's interpretation and characterization of the document.

55. The allegations in Paragraph 55 of the Amended Complaint attempt to interpret and characterize a document that speaks for itself. Defendant denies Plaintiff's interpretation and characterization of the document.

56. The allegations in Paragraph 56 of the Amended Complaint attempt to interpret and characterize a document that speaks for itself. Defendant denies Plaintiff's interpretation and characterization of the document.

57. Defendant admits that it employed individuals named Rick Roda, Lori Kaylor, and Nina Faber during the relevant time period. The remaining allegations in Paragraph 57 of the Amended Complaint attempt to interpret and characterize emails that speak for themselves. Defendant denies Plaintiff's interpretation and characterization of the documents.

58. The allegations in Paragraph 58 of the Amended Complaint attempt to interpret and characterize communications that speaks for themselves. Defendant denies Plaintiff's interpretation and characterization of the documents.

59. Defendant admits that Plaintiff made a report to Defendant's ethics hotline. Defendant denies as stated that remaining allegations in Paragraph 59 of the Amended Complaint.

60. Defendant admits that Plaintiff was informed by Slater that he was terminated on September 24, 2020. Defendant denies as stated the remaining allegations in Paragraph 60 of the Amended Complaint.

## COUNT I
### Hostile Work Environment and Sexual Harassment in Violation of Title VII

61. Defendant restates and incorporates its answers to Paragraphs 1 through 60 of the Amended Complaint as though set forth at length herein.

62. The allegations in Paragraph 62 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

63. The allegations in Paragraph 63 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

64. The allegations in Paragraph 64 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

65. The allegations in Paragraph 65 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

66. The allegations in Paragraph 66 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

67. Defendant denies the allegations in Paragraph 67 of the Amended Complaint

68. The allegations in Paragraph 68 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

69. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 of the Amended Complaint as they relate to whether Plaintiff was "uncomfortable working with Soman" or "began to experience extreme anxiety"; to the extent that any response is deemed to be required, the allegations are denied. Defendant denies the remaining allegations in Paragraph 69 of the Amended Complaint. Plaintiff was not harassed.

70. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 of the Amended Complaint as they relate to whether Plaintiff experienced "stress and anxiety"; to the extent that any response is deemed to be required, the allegations are denied. Defendant denies the remaining allegations in Paragraph 70 of the Amended Complaint.

71. The allegations in Paragraph 71 of the Amended Complaint state conclusions of law to this no response is required; to the extent that any response is deemed to be required, the allegations are denied.

72. The allegations in Paragraph 72 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

73. Defendant denies the allegations in Paragraph 73 of the Amended Complaint. The allegations in Paragraph 73 of the Amended Complaint concerning the allegation that "Defendant had a duty to provide Mullen with a work environment free of harassment" or "breached its duty to Mullen" states conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied. Plaintiff was not harassed.

74. The allegations in Paragraph 74 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

## COUNT II
**Retaliation in Violation of Title VII**

75. Defendant restates and incorporates its answers to Paragraphs 1 through 74 of the Amended Complaint as though set forth at length herein.

76. The allegations in Paragraph 76 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

77. The allegations in Paragraph 77 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

78. The allegations in Paragraph 78 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

79. The allegations in Paragraphs 79, including subparts (a)-(j) of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

80. The allegations in Paragraph 80 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

81. The allegations in Paragraph 81 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

82. The allegations in Paragraph 82 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

83. The allegations in Paragraph 83 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

84. Defendant denies the allegations in Paragraph 84 of the Amended Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Amended Complaint.

86. The allegations in Paragraph 86 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied. Plaintiff was not retaliated against.

87. Defendant denies the allegations in Paragraph 87 of the Amended Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Amended Complaint.

89. The allegations in Paragraph 89 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

90. Defendant denies the allegations in Paragraph 90 of the Amended Complaint.

91. The allegations in Paragraph 91 of the Amended Complaint state conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

## Count III
## Failure to Accommodate in Violation of the ADA

92. Defendant restates and incorporates its answers to Paragraphs 1 through 91 of the Amended Complaint as though set forth at length herein.

93. The allegations in Paragraphs 93 (a)-(d) of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

94. The allegations in Paragraphs 94 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

95. Defendant denies the allegations in Paragraph 95 of the Amended Complaint.

96. The allegations in Paragraph 96 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

97. The allegations in Paragraph 97 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

98. The allegations in Paragraph 98 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

## COUNT IV
## Retaliation in Violation of the FMLA

99. Defendant restates and incorporates its answers to Paragraphs 1 through 98 of the Amended Complaint as though set forth at length herein.

100. The allegations in Paragraphs 100 (a) – (c) of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

101. The allegations in Paragraph 101 of the Amended Complaint state conclusions of law to which no response is required to the extent that any response is deemed to be required the allegations are denied.

102. The allegations in Paragraph 102 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

103. The allegations in Paragraph 103 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

104. The allegations in Paragraph 104 of the Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

105. The allegations in Paragraph 105 of the Amended Complaint state conclusions of law to which not response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in his favor or to the relief requested in the WHEREFORE clause following Paragraph 105 of the Amended Complaint. Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief under the allegations set forth in the Amended Complaint. Defendant requests that the Court dismiss the

claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

\* \* \*

To the extent that any of Plaintiff's allegations in the Amended Complaint have not been admitted or denied by Defendant, they are hereby denied.

## DEFENSES

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

## FIRST DEFENSE

For the purposes of preserving a defense, Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

For the purposes of preserving a defense, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies, including by filing a timely Charge of Discrimination.

## FOURTH DEFENSE

For the purposes of preserving a defense, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because any employment action taken by Defendant with respect to Plaintiff was for legitimate, nondiscriminatory business reasons.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Defendant exercised reasonable care to prevent and promptly correct any harassing conduct, and because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because he cannot establish a *prima facie* case of failure to accommodate under the Americans with Disabilities Act.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not request a reasonable accommodation pursuant to the Americans with Disabilities Act and/or granting any reasonable accommodation Plaintiff sought or desired would have posed an undue hardship on Defendant.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff failed to mitigate his alleged damages.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages is barred because Defendant took affirmative, good-faith measures to comply with the law and to prevent discrimination and retaliation in the workplace.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because he cannot rebut the legitimate business reasons for the challenged adverse actions.

**TWELVETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because he cannot establish a *prima facie* case of retaliation under Title VII or FMLA.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff cannot prove by a preponderance of the evidence that Defendant retaliated against him for engaging in protected activity.

**FOURTEENTH DEFENSE**

Defendant's actions regarding Plaintiff were taken for legitimate, non-discriminatory reasons unrelated to his participation in any alleged protected activity, or for any other unlawful reason.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff cannot prove by a preponderance of the evidence that Defendant's legitimate nondiscriminatory reasons for terminating his services were pretextual.

**SIXTEENTH DEFENSE**

Plaintiff's claim for harassment is barred, in whole or in part, and any recovery of damages is precluded, because, none of the conduct he complains of was based on his sex, nor does it rise to the level of severe or pervasive to alter the terms and conditions of his employment.

**SEVENTEETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff cannot prove by a preponderance of the evidence that Defendant acted intentionally, willfully, knowingly, or maliciously toward Plaintiff.

**EIGHTEENTH DEFENSE**

Plaintiff's Amended Complaint is barred, in whole or in part, because any harm that Plaintiff suffered was due to his own conduct.

**NINETEETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Defendant, at all times, acted in good faith, reasonably, and in accordance with all applicable laws.

**TWENTIETH DEFENSE**

Plaintiff's allegations do not state an actionable claim for punitive damages.

**TWENTY-FIRST DEFENSE**

Plaintiff's claim for punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Pennsylvania Constitution and such damages are, therefore, not recoverable in this action. Further, the claim for punitive damages violates the federal doctrine of Separation of Powers because punitive damages are a creation of the judicial

branch of government and invade the province of the legislative branch; therefore, the claim for punitive damages must be dismissed.

## TWENTY-SECOND DEFENSE

Defendant reserves the right to amend its Answer and add additional affirmative defenses or counterclaims that may become known during litigation.

Dated: April 22, 2021

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Laura C. Bunting*
Marla N. Presley, Esquire
PA ID No. 91020
Laura C. Bunting, Esquire
PA ID No. 307274
Jackson Lewis P.C.
1001 Liberty Avenue
Suite 1000
Pittsburgh, PA  15222
Phone:  412-232-0404
marla.presley@jacksonlewis.com
laura.bunting@jacksonlewis.com

*Attorneys for Defendant*